O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **CARLOS S. MIRANDA,** | ) | NO. EDCV 08-00462-MAN |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **AND ORDER** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Plaintiff filed a Complaint on April 11, 2008, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's applications for a period of disability ("POD"), disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On June 12, 2008, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on December 19, 2008, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further administrative proceedings; and defendant seeks an order affirming the Commissioner's decision. The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On February 8, 2002, plaintiff filed applications for a POD, DIB, and SSI, alleging an inability to work since December 20, 2000, due to blindness in his left eye and depression. (Administrative Record ("A.R.") 55-57, 219-22, 285.) Plaintiff has past relevant work experience as a machine operator. (A.R. 15, 286, 505.)

Plaintiff's claims were denied initially, upon reconsideration, and by Administrative Law Judge F. Keith Varni ("ALJ Varni") in a written decision dated December 2, 2003. (A.R. 14-18.) On December 3, 2003, plaintiff filed a request for review of the hearing decision (A.R. 9), and on August 5, 2004, the Appeals Council denied review of the decision (A.R. 4-6). On September 2, 2004, plaintiff filed a Complaint in this Court in Case No. EDCV 04-1069, which resulted in a Stipulated Order and Judgment of Remand on February 22, 2005. (A.R. 341-45.) On April 7, 2005, the Appeals Council remanded the case back to ALJ Varni for further administrative proceedings. (A.R. 346.)

On February 24, 2006, a remand hearing was held before ALJ Varni. (A.R. 438-52.) On May 26, 2006, ALJ Varni issued an unfavorable decision. (A.R. 242-46.) On August 17, 2006, plaintiff filed another Complaint in this Court in Case No. EDCV 06-821, which resulted in a Stipulated Judgment of Remand on April 4, 2007.[1] (A.R. 483-87.) On June

---

[1] Pursuant to the parties' stipulation, this Court ordered that, on remand, the ALJ shall: (1) evaluate the opinion of Dr. Villar and provide reasons for the weight assigned to his opinion; (2) evaluate plaintiff's mental impairment pursuant to 20 C.F.R. §§ 404.1520a and 416.920a; (3) evaluate plaintiff's residual functional capacity; and (4)

9, 2007, the Appeals Council remanded the case to a different Administrative Law Judge for compliance with this Court's Order. (A.R. 480-82.)

On November 27, 2007, a remand hearing was held before Administrative Law Judge Jay E. Levine ("ALJ"). (A.R. 500-30.) On January 11, 2008, the ALJ denied plaintiff's claims; that decision is now at issue. (A.R. 456-63.)

**SUMMARY OF ADMINISTRATIVE DECISION**

In his written decision, the ALJ found that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2007, and has not engaged in substantial gainful activity since December 20, 2000, plaintiff's alleged disability onset date. (A.R. 458.) The ALJ further found that plaintiff suffers from the following "severe" impairments: blindness in the left eye and depression. (*Id.*)

The ALJ determined that plaintiff has the residual functional capacity to "perform heavy work except no work at unprotected heights or around dangerous unguarded moving machinery or work requiring binocular vision. There are no mental limitations." (A.R. 460.) The ALJ also determined that, although plaintiff was "a generally credible witness," plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible." (A.R.

if necessary, obtain supplemental vocational expert testimony to clarify the effects of the assessed limitations on plaintiff's occupational base. (A.R. 484.)

461.)   In reliance on the opinion of the medical expert, the ALJ gave "little weight" to the opinion of Romeo D. Villar, M.D., plaintiff's treating physician.  (A.R. 461-62.)

The ALJ determined that plaintiff is unable to perform his past relevant work, but having considered plaintiff's age, education, work experience, and residual functional capacity, and in reliance on testimony from a vocational expert, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, such as a hand packager, cleaner, and kitchen helper.  (A.R. 462-63.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since December 30, 2000, through the date of his decision.  (A.R. 463.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance."  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice.  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

4

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following five issues:  (1) whether the ALJ complied with the remand orders requiring him to properly consider Dr. Villar's opinion; (2) whether the ALJ properly considered plaintiff's

5

testimony; (3) whether the ALJ considered the lay witness statements; (4) whether the ALJ considered the findings of the State agency psychiatrist; and (5) whether the ALJ posed a complete hypothetical question to the vocational expert. (Joint Stipulation ("Joint Stip.") at 3.)

I.   **The ALJ Failed To Comply With The Remand Orders Directing Proper Consideration Of The Opinion Of Plaintiff's Treating Physician, Romeo D. Villar, M.D.**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Even when the treating physician's opinions are contradicted, "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); see also McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989)("broad and vague" reasons for rejecting the treating physician's opinion do not suffice). The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Brown, 881 F.2d 747, 751 (9th Cir. 1989).

Pursuant to 20 C.F.R. § 416.912(e)(1), the Commissioner "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary

information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." Thus, the Commissioner has a duty to develop the record in appropriate circumstances. *See* Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)("If the ALJ thought he needed to know the basis of the treating physician's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.")(citations omitted). Moreover, it is well-settled that, pursuant to the Commissioner's Regulations, an ALJ is bound to follow the Appeals Council's order and "may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 416.1477(b). (*See* 20 C.F.R. § 416.1483 providing that the procedures in 20 C.F.R. § 416.1477 should be followed if the Appeals Council returns a court-remanded case to an ALJ).

The Court remanded this case on April 4, 2007, pursuant to a stipulation of the parties, and ordered the ALJ to evaluate the opinion of plaintiff's treating physician, Dr. Villar, and provide reasons for the weight assigned to his opinion. (A.R. 484.) In effectuating the Court's Order, the Appeals Council explicitly stated in its June 9, 2007 Order:

> This matter was previously remanded by the U.S. District Court for reevaluation and weighing of the opinion of [plaintiff's] treating physician, Dr. Romeo D. Villar (Exhibits 10F, 11F, 14F and 22F). The [May 26, 2006] hearing decision again does not contain an adequate evaluation of Dr. Villar's opinion. The Administrative Law Judge concluded that [plaintiff] has

7

the residual functional capacity to perform work with the limitation of monocular vision and the limitation to the performance of only "simple, routine, repetitive and non-public tasks" (Tr. 245).   On July 14, 2003, Dr. Villar diagnosed major depression and assessed the claimant with a Global Assessment of Functioning Scale score of 58, which is indicative of moderate symptoms or moderate limitations in functioning (Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, 1994), and prescribed Zoloft and Wellbutrin (Tr. 216-217).   On August 12, 2003, Dr. Villar reported that [plaintiff] was expected to be incapacitated from work until March 31, 2004 (Tr. 218).   Also, Dr. Villar stated that [plaintiff] had poor concentration and memory (Tr. 376, 378), would have difficulty completing tasks (Tr. 378), and that [plaintiff's] depression would interfere with his ability to work (Tr. 378).   The Administrative Law Judge summarized some portions of Dr. Villar's assessments, but did not address the foregoing aspects of his opinion and did not evaluate or state the weight accorded to Villar's opinion as required by 20 CFR 404.1527(d) and 416.927(d). . . . Therefore, further evaluation of Dr. Villar's opinion and the claimant's mental impairment is warranted.

(A.R. 480-81.)

The Appeals Council stated further that, upon remand, the Administrative Law Judge shall:

8

Give further consideration to the treating source's opinion
pursuant to the provisions of 20 CFR 404.1527 and 416.927 and
Social Security Rulings 96-2p and 96-5p, and explain the
weight given to such opinion evidence.   As appropriate, the
Administrative Law Judge may request the treating source to
provide additional evidence and/or further clarification of
the opinions and medical source statements about what
[plaintiff] can still do despite the impairments (20 CFR
404.1512 and 416.912).   The Administrative Law Judge may also
enlist the aid and cooperation of [plaintiff's] representative
in developing evidence from [plaintiff's] treating source.

In his subsequent decision, however, the ALJ failed to address with
particularity Dr. Villa's assessments in accordance with this Court's
April 4, 2007 Order and the Appeals Council's June 9, 2007 Order.   The
entirety of the ALJ's "compliance" with these remand orders is as
follows:

Addressing the court remand directly, I give little weight to
the opinions of [plaintiff's] treating doctors.   He has been
treated with medications only.   The medical expert testified
that [plaintiff] had only the following limitations: mild
limitations in activities of daily living, mild to moderate
limitations in social functioning, mild limitations and [*sic*]
concentration, persistence and pace and one episode of
deterioration and the time of his eye injury in 2000.   I
concur.... The medical expert also testified that [plaintiff]
has a reactive depression that could be alleviated by

9

counseling and therapy.  Although [plaintiff] has been somewhat depressed by the loss of his eye seven years ago, he has been treated only with medication and without therapy.... The medical expert testified and I agree that the treating physician's opinion of [plaintiff's] ability to work should be given little credit.  All they did was prescribe medication and did not perform the mental status examinations, counseling or hospitalization.  Exhibit 25 [a September 19, 2007 Work Capacity Evaluation (Mental) two-page form signed by Ochuko G. Diamreyan, M.D.] is given no weight.  As the medical expert testified, there is no evidence that [plaintiff] is extremely limited in every category checked on the form.  The medical expert testified that a person who is so limited would not be sitting in the hearing but would be hospitalized because of severe mental problems.  I agree.[2]

(A.R. 461-62.)

    Although the ALJ stated that he "address[ed] the court remand directly," and gave "little weight to the opinions of [plaintiff's] treating doctors," the ALJ did not address the various aspects of Dr. Villar's opinion, as required by this Court's Order and explicitly directed by the Appeals Council.  Indeed, the ALJ failed to discuss Dr. Villar's opinion that: (1) as of July 14, 2003, plaintiff suffered from

---

[2]    In rejecting plaintiff's treating physicians' opinions, the ALJ did not specifically reject or address with any particularity Dr. Villar's opinion.  Instead, the ALJ lumped together the opinions of several of plaintiff's treating physicians.  While the ALJ specifically addressed Exhibit 25, and provided reasons for the rejection of it, the author of Exhibit 25 was Dr. Diamreyan, not Dr. Villar.  (A.R. 497-98.)

major depression and was assessed with a Global Assessment of
Functioning Scale score of 58, which is indicative of moderate
limitations in functioning; (2) plaintiff was expected to be
incapacitated from work for approximately six months from August 12,
2003, through March 31, 2004; (3) and plaintiff had poor concentration
and memory, would have difficulty completing tasks, and his depression
would interfere with his ability to work.  (A.R. 480.)  The ALJ must
address these particular aspects of Dr. Villar's opinion on remand.

     Accordingly, remand is required to allow the ALJ the opportunity to
provide legally sufficient reasons, if such reasons exist, for rejecting
the opinion of Dr. Villar.

**II.  The ALJ Failed To Provide The Requisite Clear And Convincing
Reasons For Rejecting Plaintiff's Subjective Pain Testimony.**

     Plaintiff alleges that the ALJ erred in his consideration of
plaintiff's subjective symptom testimony.  (Joint Stip. at 8-10.)  For
the reasons set forth below, the Court agrees.

     Once a disability claimant produces objective evidence of an
underlying physical impairment that is reasonably likely to be the
source of his subjective symptom(s), all subjective testimony as to the
severity of the symptoms must be considered.  Moisa v. Barnhart, 367
F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345
(9th Cir. 2001)(en banc); see also 20 C.F.R. § 416.929(a)(explaining how
pain and other symptoms are evaluated).  "[U]nless an ALJ makes a
finding of malingering based on affirmative evidence thereof, he or she

11

may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883.  Further, an ALJ may not rely solely on the absence of objective medical evidence supporting the *degree* of pain alleged as a basis for finding that a plaintiff's testimony regarding subjective symptoms is not credible.  Fair v. Bowen, 885 F.2d 597, 601-02 (9th Cir. 1989); Stewart v. Sullivan, 881 F.2d 740, 743-44 (9th Cir. 1989).

Both in his filings with the Commissioner and in his testimony, plaintiff described various subjective symptoms from which he claims to suffer.  Plaintiff testified that he was undergoing regular treatment for depression and anxiety and is taking medication, including Lomictal, Wellbutrin, and Clopremazine.  (A.R. 508-09.)  Plaintiff further testified that sometimes he hears voices and feels suicidal.  (A.R. 447-49.)  Plaintiff stated that, because of his depression, it is "very hard for [him] to concentrate," he has no "desire to take care of [his] needs," he "do[esn't] want to do activities," and "all [he] want[s] to do is be alone." (A.R. 326, 330.)  Plaintiff further stated that he does "not have trouble sleeping, as a matter of fact, all [he] want[s] to do is sleep because of all the medications."  (A.R. 307.)

In his written decision, the ALJ found that plaintiff suffers from "severe" depression and blindness in the left eye, both of which are medically determinable impairments that reasonably could cause the subjective limitations about which plaintiff complains.  (A.R. 458.) However, the ALJ rejected plaintiff's statements concerning the "intensity, persistence and limiting effects" of his limitations. (A.R.

12

461.)  The ALJ stated that:

> [Plaintiff] was a generally credible witness.  He
> testified that he helps his wife care for his children and
> grandchildren with whom he resides.  He testified that he was
> depressed because of the loss of his eye.  He said he wanted
> to go back to work at his old job but they would not hire him
> back.  He said that he has looked for other work but no one
> will hire him because he is blind in one eye.  He has been
> treated with medication for depression for several years but
> no doctor has given him psychotherapy or sent him for
> counseling.  Other than his eyesight, he said he has no other
> physical problems.
>
> After considering the evidence of record, the undersigned
> finds that [plaintiff's] medically determinable impairments
> could reasonably be expected to produce the alleged symptoms,
> but that [plaintiff']s statements concerning the intensity,
> persistence and limiting effects of these symptoms are not
> entirely credible.
>
>     ....
>
> ... [Plaintiff] testified that he assists his wife in caring
> for their four grandchildren and they are compensated by their
> children for performing those services....  Although
> [plaintiff] has been somewhat depressed by the loss of his eye
> seven years ago, he has been treated only with medication and

without therapy. . . . [Plaintiff] testified that he wanted only to do his previous work and that he did not think anyone will hire him for any other type of work. Although [plaintiff] may believe that no one will hire him because of his lack of slight [*sic*] in one eye, it belies common sense that he could [not] find a manual labor job in the local or national economy. Simply stated, he has elected not to look for work.

(A.R. 461-62.) When examined in the light of the record as a whole, these reasons do not withstand scrutiny.

The ALJ's reliance on plaintiff's ability to engage in limited daily activities, such as assisting his wife in caring for his grandchildren, as being inconsistent with his claims of debilitating symptoms (A.R. 461) is not a convincing basis upon which to reject plaintiff's testimony. There is, however, no evidence of record regarding how little or how much plaintiff actually does to assist his wife in caring for their grandchildren. The ALJ's casual reference to plaintiff's daily activities to support his adverse credibility finding fails, therefore, to demonstrate how whatever plaintiff may do to care for his grandchildren, with whom he resides, translates into the ability to engage in full-time work. *See* Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)(only if the level of activity were inconsistent with claimant's claimed limitations would these activities have any bearing on claimant's credibility); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987)(disability claimant need not "vegetate in dark room" to be deemed eligible for benefits); Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th

14

Cir. 1990)(daily activities may not be relied upon to support an adverse credibility decision where those activities do not affect the claimant's ability to perform appropriate work activities on an ongoing and daily basis); <u>Fair</u>, 885 F.2d at 602 ("The Social Security Act does not require that an individual be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication.").

Further, the ALJ's rejection of plaintiff's subjective complaints based, in part, on the fact that plaintiff's symptoms are managed conservatively, primarily with medications, is not a convincing reason to reject plaintiff's credibility.  There is no substantial evidence in the record to support the ALJ's belief that more aggressive treatment would alleviate plaintiff's symptoms to a degree rendering him able to work.[3]  While it is permissible for an ALJ to evaluate the credibility of a claimant's subjective limitations based, in part, on plaintiff's record of receiving minimal and conservative treatment, he must make detailed findings of fact so that a reviewing court may determine whether substantial evidence supports the ALJ's conclusion.  The ALJ failed to meet his burden here.  *See* <u>Fair</u>, 885 F.2d at 601-02; <u>Lewin v. Schwieker</u>, 654 F.2d 631, 634-635 (9th Cir. 1981).

---

[3]   While the medical expert opined that plaintiff needed to receive cognitive restructuring therapy in addition to medication, the expert conceded that none of plaintiff's treating doctors had found any such treatment warranted.  In addition, the record showed that plaintiff lacked medical insurance and, as the medical expert conceded, plaintiff's ability to receive such therapy, even had his doctors prescribed it, was a "resource issue."  (A.R. 511, 515, 517-18.)

15

1    Defendant contends that the ALJ's rejection of plaintiff's
2    subjective complaints was permissible, because "there was a lack of
3    objective medical evidence to support [p]laintiff's subjective
4    complaints." (Joint Stip. at 10.)  However, it is well-settled that an
5    ALJ may not discredit a claimant's subjective claims of disabling
6    limitations for the sole reason that the alleged degree of his
7    limitation is not fully supported by objective medical evidence.  *See*
8    Fair, 885 F.2d at 601-02; Stewart, 881 F.2d at 743-44.  Thus, the ALJ
9    erred by requiring plaintiff to adduce medical evidence sufficient to
10   corroborate the severity of his alleged depression limitations and other
11   symptoms.  *See* Bunnell, 947 F.2d at 346.

12

13    Accordingly, the ALJ's rejection of plaintiff's credibility without
14   setting forth clear and convincing reasons for the rejection constitutes
15   reversible error.[4]  On remand, the ALJ must provide reasons, if they
16   exist and in accordance with the requisite legal standards, for
17   discrediting plaintiff's pain testimony.

18

19   **III.  The ALJ Should Consider The Lay Witness Statements On Remand.**

20

21    In evaluating the credibility of a claimant's assertions of
22   functional limitations, the ALJ must consider lay witnesses' reported
23   observations of the claimant.  Stout, 454 F.3d at 1053.  "[F]riends and
24   family members in a position to observe a claimant's symptoms and daily

25   _____

26   [4]  Another reason stated by the ALJ for rejecting plaintiff's
     credibility was that, in the ALJ's view, plaintiff "has elected not to
27   look for work."  (A.R. 462.)  While the ALJ's opinion regarding
     plaintiff's motivation to find work is entitled to some deference, this
28   reason alone is not sufficient to reject plaintiff's credibility.

16

activities are competent to testify as to [the claimant's] condition."
Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 C.F.R. §
416.913(d)(4) ("we may also use evidence from other sources to show the
severity of your impairment(s).... Other sources include, but are not
limited to ... spouses, parents and other care-givers, siblings, other
relatives, friends, neighbors, and clergy").  "If an ALJ disregards the
testimony of a lay witness, the ALJ must provide reasons 'that are
germane to each witness.'"  Bruce v. Astrue, 557 F.3d 1113, 1114 (9th
Cir. 2009)(citation omitted).  Further, the reasons "germane to each
witness" must be specific.  Stout, 454 F.3d at 1054 (explaining that
"the ALJ, not the district court, is required to provide specific
reasons for rejecting lay testimony").

An ALJ may "properly discount lay testimony that conflict[s] with
the available medical evidence" (Vincent v. Heckler, 739 F.2d 1393, 1395
(9th Cir. 1984)), particularly, when, as in Vincent, "lay witnesses
[are] making medical *diagnoses*," because "[s]uch medical diagnoses are
beyond the competence of lay witnesses and therefore do not constitute
competent evidence." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir.
1996) (original emphasis).  When, as here, however, a lay witness
testifies about a claimant's symptoms, such testimony *is* competent
evidence and cannot be disregarded without comment. *Id*.  Under Stout,
454 F.3d at 1055, "where the ALJ's error lies in a failure to properly
discuss competent lay testimony favorable to the claimant, a reviewing
court cannot consider the error harmless unless it can confidently
conclude that no reasonable ALJ, when fully crediting the testimony,
could have reached a different disability determination."

Plaintiff contends that the ALJ improperly ignored the lay witness statements of his daughter, Nancy Miranda. (Joint Stip at 13-15.) In a Function Report-Adult Third Party Questionnaire dated February 3, 2004 (the "Questionnaire"), Ms. Miranda provided observations regarding plaintiff's alleged impairments and their impact on plaintiff's daily activities and ability to work. (A.R. 298-306.) Ms. Miranda stated that she "spend[s] quite a lot of time with [her] father since [he] lives with [her]." (A.R. 298.) Ms. Miranda further stated that plaintiff is limited in his ability to: "remember"; "concentrate"; "complete tasks"; "understand"; "follow instructions"; and "get along with others." (A.R. 303.) In addition, Ms. Miranda explained that plaintiff is "a stressful [*sic*] man since the accident happen[ed]," and "he gets upset [with] any routine changes." (A.R. 304.) Finally, Ms. Miranda stated that she "feel[s] that [her] father is in a state of depression that he could take his life at any time." (*Id.*)

Nowhere in the ALJ's decision does he mention Ms. Miranda's observations, which both corroborate and expand upon plaintiff's symptom testimony. The ALJ's failure to do so constitutes error. Specifically, the ALJ should have addressed Ms. Miranda's observations regarding plaintiff's memory lapses, difficulty concentrating, and trouble following instructions, because such observations are neither "medical diagnoses," as in Vincent, nor are they entirely consistent with the ALJ's residual functional capacity assessment, as defendant contends. (Joint Stip. at 15.) Further, if Ms. Miranda's observations of plaintiff's memory lapses, difficulty concentrating, and trouble following instructions are fully credited in conducting a harmless error analysis, as required by Stout, then the Court cannot confidently

18

conclude that "no reasonable ALJ ... could have reached a different disability determination." <u>Stout</u>, 454 F.3d at 1056.   Therefore, the ALJ's failure to address the observations of Ms. Miranda, which if not rejected for proper reasons may require the inclusion of additional limitations in the hypothetical posed to the vocational expert, cannot simply be dismissed as harmless error.

On remand, the ALJ must provide proper reasons, if they exist, for rejecting Ms. Miranda's statements regarding her observations of the nature and extent of plaintiff's alleged impairments and attendant limitations as discussed above, so that a reviewing court may know the basis for the ALJ's decision and have the ability to assess the propriety of that decision.

**IV.   The ALJ Should Consider The Opinion Of The State Agency Physician On Remand.**

Pursuant to the Commissioner's regulations:

(I) Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists.   However, State agency medical psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.   Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or

19

1    psychologists as opinion evidence....

2

3    (ii) ... Unless the treating source's opinion is given

4    controlling weight, the administrative law judge must explain

5    in the decision the weight given to the opinions of a State

6    agency medical or psychological consultant or other program

7    physician or psychologist, as the administrative law judge

8    must do for any opinions from treating sources, nontreating

9    sources, and other nonexamining sources who do not work for

10   us.

11

12   20 C.F.R. § 416.927(f)(2)(I) and (ii).

13

14   Social Security Ruling ("SSR") 96-6p makes plain that, although

15   administrative law judges and the Appeals Council are not bound by

16   findings made by State agency or other program physicians and

17   psychologists, both administrative law judges and the Appeals Council

18   *may not ignore these opinions and must explain the weight given to the*

19   *opinions in their decisions*." *Id*. (emphasis added).

20

21   Here, plaintiff contends that the ALJ erred in failing to discuss

22   the findings of the State agency psychiatrist, M. Becraft, M.D. (Joint

23   Stip. at 17.) On April 23, 2004, Dr. Becraft completed a mental

24   residual functional capacity assessment of plaintiff, in which he

25   indicated that plaintiff is moderately limited in his ability to:

26   understand and remember detailed instructions; carry out detailed

27   instructions; interact appropriately with the general public; and get

28   along with coworkers or peers without distracting them or exhibiting

20

behavioral extremes.  (A.R. 393-94.)

The ALJ's decision is devoid of any mention, much less any discussion or meaningful evaluation, of Dr. Becraft's findings.  As the ALJ provided no reason(s) for omitting Dr. Becraft's conclusions, it is unclear whether the ALJ properly considered Dr. Becraft's opinion in accordance with 20 C.F.R. § 416.927(f)(2)(I) and (ii).

Defendant contends that the ALJ's silence with respect to Dr. Becraft's findings was justified, as "the omission was harmless error because Dr. Becraft's opinion was still consistent with the ALJ's residual functional capacity assessment."  (Joint Stip. at 18.) Contrary to defendant's contention, it is unclear to the Court whether the ALJ's omission was indeed harmless.  The ALJ is bound by 20 C.F.R. § 416.927(f)(2)(I) and (ii), as well as SSR 96-6p, to explain how he reached his conclusions.

Accordingly, remand is required for the ALJ to set forth legally sufficient reasons, if any, for rejecting Dr. Becraft's opinion.

**V.  Until The ALJ Has Considered Properly The Opinions Of Dr. Villar And Dr. Becraft, Plaintiff's Subjective Complaints, And The Lay Witness Statements, The Court Cannot Assess The Propriety Of The Hypothetical Posed To The Vocational Expert.**

"If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the

21

1  national economy.'"  Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir.

2  1993)(citation omitted).   In posing a hypothetical to a vocational

3  expert, the ALJ must accurately reflect all of the claimant's

4  limitations.  Embrey, 849 F.2d at 422-24.  For the vocational expert's

5  testimony to constitute substantial evidence, the hypothetical question

6  must "consider all of the claimant's limitations." Andrews, 53 F.3d at

7  1044 (holding that hypothetical questions that do not include all of

8  plaintiff's limitations are insufficient and warrant remand).

9

10  Here, the hypothetical *may* be incomplete to the extent that it does

11  not reflect appropriately, in whole or in part, the opinions of Drs.

12  Villar and Becraft, plaintiff's subjective complaints, and the

13  observations of plaintiff's daughter regarding plaintiff's limitations.

14

15  On remand, the ALJ should either properly reject the opinions of

16  Drs. Villar and Becraft, plaintiff's subjective complaints, and the

17  observations of Ms. Martinez, in accordance with the appropriate legal

18  standards, or the ALJ must incorporate additional limitations into the

19  hypothetical posed to the vocational expert.

20

21  **VI.   Remand Is Required.**

22

23  The decision whether to remand for further proceedings or order an

24  immediate award of benefits is within the district court's discretion.

25  Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no

26  useful purpose would be served by further administrative proceedings, or

27  where the record has been fully developed, it is appropriate to exercise

28  this discretion to direct an immediate award of benefits.  *Id.* at 1179

22

("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.*

Here, the Court concludes, with some hesitation, that remand is the appropriate remedy to allow the ALJ one *final opportunity* to remedy the above-mentioned deficiencies and errors.  *See, e.g.,* <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); <u>McAllister</u>, 888 F.2d at 603 (remand appropriate to remedy defects in the record).  It is, however, deeply troubling to the Court that this case has twice been remanded for further consideration and most recently with very detailed direction from the Appeals Council, which the ALJ made scant effort to follow.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

1     **LET JUDGMENT BE ENTERED ACCORDINGLY.**

2

3  DATED: September 4, 2009

4                               _____

5                                 MARGARET A. NAGLE
                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24